**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. ___

DAN HAMILTON,
Individually and on behalf of all others
similarly situated

    Plaintiff,

vs.

AMAZON.COM SERVICES, LLC,

    Defendant.

---

### DEFENDANT'S NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE that Defendant Amazon.com Services LLC ("Defendant"), misidentified in the Individual and Class Action Complaint ("Complaint") as Amazon.com Services, LLC, through undersigned counsel, respectfully removes the state court action captioned *Dan Hamilton, Individually and on behalf of all others similarly situated v. Amazon.com Services, LLC*, Civil Action No. 2022CV30070, filed in the District Court of Arapahoe County, Colorado to the United States District Court for the District of Colorado pursuant to diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1446, 1453, and 1711-1715. As grounds therefore, Defendant states as follows:

**I.**    **THE STATE COURT CASE**

    1.    On January 18, 2022, Plaintiff Dan Hamilton served his Individual and Class Action Complaint (the "Complaint") on Defendant, which he filed in the State of Colorado,

District Court at Arapahoe County (Case No. 2022CV30070).[1] *See* **Exhibit A**, Complaint.

2. The Complaint asserts violations of the Colorado Wage Act, C.R.S. 8-4-101 *et seq.*, ("CWA") and alleges that Defendant paid time and a half based on Plaintiff's agreed upon rate for those hours worked on Company Holidays, but did not count hours worked on a Company Holiday toward weekly overtime and did not include Plaintiff's Holiday Incentive in the calculation of his regular rate for that week, resulting in the failure to pay Plaintiff all overtime earned under the Colorado Wage Act in any week he worked in excess of 40 hours and on a Company Holiday. *Id.* at ¶¶ 19, 20.

3. The Complaint alleges Plaintiff was employed by Defendant at an Amazon warehouse in Aurora, Colorado and that Defendant employs hundreds or even thousands of hourly employees in Colorado. *Id.* at ¶¶ 7, 8, 9, 27(a), 28.

4. The Complaint seeks "overtime, penalties, and the reasonable costs and attorney's fees of this litigation pursuant to the CWA." *Id.* at ¶ 47. The Complaint also seeks, *inter alia*, back wages reflecting the overtime compensation due to the Plaintiff and the class members; all applicable statutory damages and penalties provided under the CWA; a service payment to the Plaintiff for his services to the class members; reasonable attorney's fees incurred in bringing this action; the costs of this action; pre- and post-judgment interest. *Id.* at p. 7, Prayer for Relief.

5. The Complaint alleges that the relevant period for this lawsuit is three years from the date of filing, *i.e.,* January 14, 2019 to the present. *Id.* at ¶ 26.

6. A true and correct copy of the Complaint, District Court Civil (CV) Case Cover Sheet, Delay Reduction Order, Division 204 Delay Reduction Order and Order Regarding Plan for Settlement, District Court Civil Summons, Return of Service, Notice of Entry of Appearance of

---

[1] Defendant does not concede, and in fact, reserves the right to contest Plaintiff's allegations that this lawsuit properly can proceed as a class action.

Jennifer S. Harpole, Notice of Entry of Appearance of Sarah K. Watt, Defendant's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, and file-stamped Order ("Granted by Court 02/08/2022) granting Defendant's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint are attached hereto respectively as **Exhibits A-J**. Defendant has not been served with any other process, pleadings, or orders. Accordingly, **Exhibits A-J** constitute all pleadings, processes, and orders in this action and satisfy the requirements of 28 U.S.C. § 1446(a).

7. Pursuant to D.C.COLO.L.Civ.R 81.1(b), a copy of the current docket from the District Court of the County of Arapahoe, Colorado is also attached as **Exhibit K**. There are no pending motions, petitions, or related responses, replies, or briefs before the District Court of the County of Arapahoe, Colorado.

## II.   REMOVAL IS TIMELY

8. A notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

9. As noted above, Defendant was served with the Complaint on January 18, 2022. **See Exhibit F**, Return of Service. Accordingly, Defendant is timely filing this Notice of Removal on or before February 17, 2022.

10. No previous Notice of Removal has been filed with this Court for the relief sought herein.

**III.    GROUNDS FOR REMOVAL**

11.    This action is removable pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12.    This Court's subject matter jurisdiction, and the basis for removal, is founded upon 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**IV.    BASIS FOR ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA**

13.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), as codified in relevant part in 28 U.S.C. 1332(d)(2).

14.    CAFA allows for federal subject matter jurisdiction over any civil class actions in which: (a) any member of a class of plaintiffs is a citizen of a State different from any defendant; (b) the aggregate number of putative class members in all proposed plaintiff classes is at least 100; and (c) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2)(A); 1332(d)(5).

15.    To be clear, Defendant denies Plaintiff's claims and allegations in the Complaint, the legal theories upon which they are purportedly based, his request for monetary and other relief, and any notion that this case may proceed as a class action. However, all requirements for jurisdiction under CAFA have been met, as explained below. As such, this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332(d)(2).

   **A.    Diversity Exists Between Plaintiff and Defendant**

16.    Under CAFA, diversity is established for purposes of removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

4

17. The Complaint alleges that Plaintiff resides in Denver County, Colorado and further alleges that he performed all services and work for Defendant in Arapahoe County, Colorado **Exhibit A**, Complaint, ¶ 1. Indeed, business records indicate that his last known home address is 6964 E Ohio Dr., Denver, Colorado 80224. **Exhibit L**, Declaration of Jennifer Johnston, ¶ 4. Therefore, Plaintiff should be considered a citizen of Colorado.

18. Pursuant to 28 U.S.C. §§ 1332(c) and 1332(d)(10), a corporation or unincorporated association is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is incorporated or organized. Thus, for purposes of a CAFA removal, a limited liability company's citizenship is treated in the same manner as a corporation's citizenship under traditional diversity standards.

19. To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93. In other words, Defendant's principal place of business is where its officers direct, control, and coordinate its activities. *Id*.

20. The Complaint accurately alleges that Defendant is a Delaware limited liability company with its principal place of business in Washington state. *See* **Exhibit A,** Complaint, ¶ 3.

21. Defendant Amazon.com Services LLC, is a limited liability company organized and existing under the laws of the State of Delaware. It is headquartered in Seattle, Washington. *See* **Exhibit M**, Declaration of Zane Brown, ¶ 4.

22. Based on the foregoing, diversity exists between Plaintiff and Defendant. *See* 28 U.S.C. §§ 1332(d)(2)(A) and 1453.

      **B.**      **Plaintiff's Proposed Class Contains More Than 100 Members**

23. The CAFA requirement of 100 or more putative class members is met in this case. *See* 28 U.S.C. § 1332(d)(5)(B).

24. Plaintiff purports to assert claims on behalf of a putative class of "[a]ll classes of U.S. non-exempt hourly employees who worked in AMZL workplaces and Fulfillment Centers throughout Colorado who worked more than 40 hours during weeks in which they also worked on a Company Holiday, dating back three years from the date of filing." **Exhibit A**, Complaint, ¶ 26. The Complaint alleges Defendant employs hundreds or even thousands of hourly employees across "at least" five warehouses Colorado. **Exhibit A**, Complaint, ¶¶ 8, 9, 27(a). Accordingly, Plaintiff's own allegations indicate that there would be more than 100 putative class members.

25. Based on a preliminary review of employment records, Defendant believes that since January 14, 2019, Amazon has employed approximately 10,006 non-exempt hourly employees in Colorado who worked more than 40 hours in a workweek in which they also worked on a Company Holiday as "Holiday O/T." **Exhibit L**, Declaration of Jennifer Johnston, ¶ 5.

26. Accordingly, CAFA's requirement of 100 or more putative class members is easily satisfied in this case.

      **C.**      **The Amount in Controversy Exceeds $5,000,000**

27. CAFA authorizes the removal of class actions in which the amount in controversy for all class members exceeds $5,000,000.00. *See* 28 U.S.C. § 1332(d).

28. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

29. The United States Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

30. Congress has stated that "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." *See* S. REP. 109-14, at 42-43 (2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly[.]").

31. Although the Complaint does not state a total amount in controversy, Plaintiff's allegations alone are enough to show that the amount in controversy at issue in this case exceeds the jurisdictional minimum of $5,000,000[2] and the failure of the Complaint to specify the total amount of damages or other monetary relief sought does not deprive this Court of jurisdiction. *See Frederick v. Hartford Underwriters Ins. Co.*, No. 11-cv-02306-WJM-KLM, 2012 WL 4511242, at *3 (D. Colo. Oct. 1, 2012) ("Regardless of the plaintiff's pleadings, federal jurisdiction is proper if a defendant proves jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy **may** exceed $5,000,000.") (citation omitted) (emphasis added). In this action, there is more than a reasonable probability that the amount in controversy in this case exceeds the jurisdictional minimum based on the claims for relief in the Complaint and Plaintiff's own allegations. *See Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911-12 (10th Cir. 2016) ("As historically used, the term 'in controversy' has never required a party seeking to invoke federal

---

[2] Defendant disputes, and reserves the right to contest, that any amount is owed either to Plaintiff or to the putative class members that he seeks to represent. However, Plaintiff's allegations in the Complaint satisfy the amount in controversy requirement for the purpose of removal under CAFA.

jurisdiction to show that damages 'are greater' or will likely prove greater 'than the requisite amount' specified by statute. Instead, the term has required a party seeking federal jurisdiction to show only and much more modestly that 'a fact finder **might** legally conclude' that damages exceed the statutory amount.") (citations omitted) (emphasis added).

32. While Defendant denies Plaintiff's claims and his requests for relief, the facial allegations in the Complaint and the total amount of wages and attorneys' fees at issue in this action is in excess of this Court's jurisdictional minimum. *See Hammond*, 844 F.3d at 914 ("It is our judgment . . . that '[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (citation omitted). Plaintiff contends Defendant violated the CWA because, in the weeks that Plaintiff worked on a Company Holiday and worked more than 40 hours, Defendant allegedly failed to include the Holiday Incentive pay in the calculations for the regular rate for the purposes of calculating the overtime premium due and failed to include hours worked on a Company Holiday in the total calculation of overtime hours. **Exhibit A**, Complaint, ¶ 43. Plaintiff alleges that he and the Class Members did not receive all the overtime pay to which they were entitled under the law. *Id.* at ¶ 43.

33. Plaintiff seeks penalties under the CWA, which are included for purposes of calculating the amount in controversy. Under CRS § 8-4-109, penalties are the greater of (1) 125% of that amount of such wages or compensation up to and including $7,500; and 50% of that amount of such wages or compensation that exceed $7,500, or (2) the employee's average daily earnings for each day, not to exceed 10 days, whichever is greater. Here, with the volume of employees and small amount each would be owed under Plaintiff's theory, the average daily wage for 10-day calculation is appreciably greater.

8

34. For purposes of calculating the Plaintiff's alleged penalties, they are as follows:

- From January 14, 2019 to the present, there were 10,006 non-exempt hourly employees in Colorado who worked more than 40 hours in a workweek in which they also worked on a Company Holiday as "Holiday O/T".
- The average monthly wage for all full-time non-exempt employees in Colorado from January 14, 2019 to the present is $2,754.48.
- Conservatively estimating that each employee worked an average of 30 days in a month (which serves to reduce the amount in controversy by reducing the average daily earnings), the calculation is $91.80 a day or $918 per 10 days. 10,006 * $918 = **$9,185,508** in alleged penalties alone.

**Exhibit L**, Declaration of Jennifer Johnston, ¶¶ 5, 6.

35. Plaintiff also seeks recovery of attorneys' fees. **Exhibit A**, Complaint, Prayer for Relief, p. 7. It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g.*, *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 202 (1933) (stating that attorneys' fees may be used in calculating jurisdictional amount if statute allows such recovery). Based on publicly available information regarding attorney's fees in class action settlements, if Plaintiff prevailed in this case, his attorney could be awarded attorney's fees equal to 25 percent of an award of damages. *See Tuten v. United Airlines, Inc.*, 41 F. Supp. 3d 1003, 1009 (D. Colo. 2014) ("Though the monetary amount of fees is significant, the percentage of fees requested (24.7% of the Settlement Fund) falls within the norm for these types of cases. *See* Stuart J. Logan *et al., Attorney Fee Awards in Common Fund Class Actions,* 24 Class Action Rep. 167, 167 (2003) (reporting that the median award of attorney fees was 31.6% based on a survey of 1,200

class action settlements); *Nilsen v. York Cty.,* 400 F.Supp.2d 266, 281 (D.Me.2005) (collecting cases and finding that the median for attorneys' fees awards in class action settlements was around 27%).").

36.     Here, 25% of an award of penalty damages would yield potential attorneys' fees in the amount of approximately **$2,296,377**. This amount adds to the amount in controversy for this case, and further supports Defendants' argument that the $5,000,000 threshold is unequivocally met for this matter.

V.    **ALL REMAINING PREREQUISITES FOR REMOVAL ARE SATISFIED**

37.     Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 85, 1391, 1441, and 1446 because the State of Colorado, District Court at Arapahoe County, where Plaintiff filed the Complaint, is a state court within this federal district and division.

38.     Defendant is a private business entity, not a State, State official, or other governmental entity exempt from CAFA. 28 U.S.C. § 1332(d)(5).

39.     The local controversy exception under CAFA does not apply, as Defendant is not a citizen of the State of Colorado. *See* 28 U.S.C. § 1332(d)(4)(A).

40.     Promptly after the filing of this Notice of Removal, Defendant will give written notice of the filing to Plaintiff's counsel and will file a copy of the Notice of Removal with the clerk of the State of Colorado, District Court at Arapahoe County, in accordance with 28 U.S.C. § 1446(d).

41.     A completed Federal Civil Cover Sheet accompanies this Notice of Removal.

42.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present both briefing and oral argument in support of its position that

the case is properly removable.

**WHEREFORE**, for the reasons set forth above, Defendant respectfully requests that all further proceedings in the State of Colorado, District Court at Arapahoe County be discontinued and that this action be removed to the United States District Court for the District of Colorado.


Dated: February 17, 2022

> */s/ Jennifer S. Harpole*
> Jennifer S. Harpole, # 38634
> Littler Mendelson, P.C.
> 1900 Sixteenth Street, Suite 800
> Denver, CO 80202
> Telephone: 303.629.6200
> Facsimile: 303.629.0200
> Email: jharpole@littler.com
>
> ***ATTORNEYS FOR DEFENDANT***


## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2022, the foregoing document was filed electronically using the CM/ECF system and will be sent electronically to all counsel of record via electronic mail, including Plaintiff's counsel of record as follows:

> David H. Miller, Atty Reg. 8405
> Victoria E. Guzman, Atty Reg. 55401
> THE SAWAYA & MILLER LAW FIRM
> 1600 Ogden Street
> Denver, CO 80218
> Telephone: (303) 551-7667
> dhmiller@sawayalaw.com
> vguzman@sawayalaw.com
> *Attorneys for Plaintiff*

> */s/ Elisabeth L. Egan*
> Elisabeth L. Egan

4859-7904-2574.5 / 096748-1008