IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00434-PAB

DAN HAMILTON, individually and on behalf of other similarly situated

Plaintiff,

v.

AMAZON.COM SERVICES, LLC,

Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion to Stay Pending Ruling on Defendant's Motion to Dismiss [Docket No. 28].  Plaintiff responded, Docket No. 32, and defendant replied.  Docket No. 36.

On March 3, 2022, defendant Amazon Services, LLC filed a motion to dismiss plaintiff's individual and class action complaint [Docket No. 15].  On April 14, plaintiff filed a Motion to Certify Class Action [Docket No. 26] and a Motion for Order Certifying a Determinative Question of Colorado Law to the Colorado Supreme Court [Docket No. 27].  Defendant now moves to stay briefing on plaintiff's class certification motion pending the resolution of defendant's motion to dismiss.  Docket No. 35.  Plaintiff opposes a stay of briefing on his motion.  *See* Docket No. 39.

It is well established that a court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity*

*Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc*., 713 F.2d 1477, 1484 (10th Cir. 1983).  Stays of proceedings, discovery, or briefing are generally disfavored.  *See Bank of Colorado v. Wibaux 1, LLC,* No. 17-CV-02871-CMA-KMT, 2018 WL 2562662, at \*3 (D. Colo. June 4, 2018) (considering a stay on briefing of a summary judgment motion).  A stay may, however, be appropriate in certain circumstances.  In determining whether to grant or deny a stay, courts in this district consider the following factors (the "*String Cheese Incident* factors"): "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at \*2 (D. Colo. Mar. 30, 2006).

Defendant argues briefing should be stayed because responding to plaintiff's motion for class certification would cause a substantial burden for defendant.  Docket No. 35 at 4.  Additionally, defendant argues plaintiff is not prejudiced since the effect of plaintiff's motion to certify an issue to the Colorado Supreme Court would be to stay the case.  *Id.*; *see* Docket No. 39 at 6.  Plaintiff responds that a stay of the briefing would prejudice class members and that this case is not the type of case that warrants a stay.  Docket No. 39 at 4-5.

Regarding the first *String Cheese Incident* factor, plaintiff argues potential class members will be prejudiced by a stay on briefing because a delay in certifying a class will make it harder to locate all the class members and provide notice to them.  *Id.* at 5.  Defendant responds that any prejudice to plaintiff is minimal since notice to potential

2

class members could be sent after a ruling on the motion to dismiss to lessen the burden on defendant.  Docket No. 41 at 2; *see* Docket No 39 at 5-6.  Additionally, defendant argues that plaintiff's prejudice claim is undercut by plaintiff's filing of a motion to certify a question to the Colorado Supreme Court which plaintiff admits would stay the entire case.  Docket No. 35 at 4; *see* Docket No. 39 at 6.  The Court finds this factor weighs in favor of a stay of briefing given that any prejudice to plaintiff is minimal and, in any event, his own motion to certify a question to the Colorado Supreme Court would involve a comparable delay.

On the second factor, defendant argues that the burden of having to brief the motion for class certification before the Court rules on its motion to dismiss is "not insubstantial."  Docket No. 35 at 4.  Ordinary burdens associated with litigating a case do not constitute undue burden.  *See Collins v. Ace Mortgage Funding, LLC*, 08–cv–1709–REB–KLM, 2008 WL 4457850, at *1 (D.Colo. Oct. 1, 2008).  Defendant provides no reason why the briefing to the motion for class certification is more onerous than the normal briefing on such a motion, outside of stating this case is not ordinary because plaintiff has filed a motion that could result in a stay of proceedings.  Docket No. 35 at 4.  The Court finds this factor weighs against a stay of briefing.

On the third factor, plaintiff argues that judicial economy could be served by ruling on the motion to dismiss and motion for class certification at the same time, which can only be accomplished if both are briefed.  Docket No. 39 at 5.  Defendant argues judicial economy is best served by ruling on dispositive motions and cites in support *Kerber v. Qwest Grp. Life Ins. Plan*, No. 07-CV-00644-WDM-CBS, 2009 WL 798569 (D. Colo. Mar. 24, 2009).  Docket No. 35 at 4.  In that case, the court

acknowledged that a motion for class certification should be decided as soon as practicable based on Fed. R. Civ. P. 23 and stated that, while it should not usually be the case, sometimes a dispositive motion can be prioritized. *Kerber*, 2009 WL 798569 at \*1.  The court ruled that judicial economy was best served by ruling on dispositive motions before class certification because of the "various classes and subclasses" plaintiff sought to certify. *Id.*  Here, plaintiff does not seek to certify subclasses. *See* Docket No. 26 at 15.  Defendant provides no other reason judicial economy would be served by deciding the motion to dismiss before briefing the motion for class certification. *See* Docket No. 35 at 4.  The Court finds this factor weighs against a stay.

Neither party addresses the public interest in a stay.  The Court finds that the public interest is best served by having both the motion to dismiss and the motion for class certification briefed at the same time, which will be more expeditious.  The Court finds this factor weighs against a stay of briefing.

Weighing all the *String Cheese* factors and considering the disfavored nature of stays, the Court finds that a stay in this case is not warranted.

Accordingly, it is

**ORDERED** that Defendant's Motion to Stay Briefing on Plaintiff's Motion to Certify Class Action Pending Disposition of its Motion to Dismiss and for Expedited Briefing Schedule [Docket No. 35] is **DENIED.**  It is further

4

**ORDERED** that defendant's response to plaintiff's Motion to Certify Class Action

[Docket No. 26] is due **June 9, 2022**.

DATED May 31, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

5