IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00434-PAB-STV

DAN HAMILTON, Individually and on behalf of all others similarly situated,

     Plaintiff,

v.

AMAZON.COM SERVICES LLC,

     Defendant.

---

## ORDER

---

     This matter is before the Court on defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's Individual and Class Action Complaint [Docket No. 15] under Fed. R. Civ. P. 12(b)(6).  The Court has jurisdiction under 28 U.S.C. § 1332.

## I. FACTUAL BACKGROUND[1]

     This case focuses on how Amazon.com Services, LLC ("Amazon") calculates overtime pay for its hourly employees.  Amazon owns and operates at least five warehouses in Colorado as part of its nationwide fulfillment network.  Docket No. 5 at 3, ¶¶ 8-9.  It employs "hundreds or even thousands of hourly employees" at these warehouses, including plaintiff Dan Hamilton.  *Id.*, ¶¶ 7-8.  Mr. Hamilton was offered various "incentive payment structures" throughout his employment with Amazon designed to encourage him to work additional shifts or to stay late after his scheduled

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 5, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

shifts.  *Id.* at 4, ¶ 11.  These incentives included Holiday Incentive Pay ("HIP"), consisting of 1.5 times the usual hourly pay rate, for working on designated company holidays, such as Labor Day or Thanksgiving Day.  *Id.,* ¶¶ 12-14.

Mr. Hamilton's complaint focuses on Amazon's treatment of HIP for purposes of calculating the rate of overtime pay.  *Id*.  Colorado law requires employers to pay overtime "at a rate of one and one-half times the regular rate of pay."  Colo. Rev. Stat. § 8-6-111(4).  The "regular rate" of pay is the "hourly rate actually paid to employees," which is determined by dividing the total compensation an employee was paid in a given week by the number of hours that the employee worked.  7 Colo. Code Regs. § 1103-1:1, § 1.8 (effective Jan. 1, 2022).  The resulting regular rate of pay is multiplied by 1.5 to determine the amount of additional overtime pay that an employee should receive for every overtime hour worked.[2]  Colo. Rev. Stat. § 8-6-111(4).

According to the complaint, Amazon improperly excluded HIP from its calculation of Mr. Hamilton's regular rate.  Docket No. 5 at 4, ¶ 19.  Amazon did not include HIP when adding up the total compensation that Mr. Hamilton was paid in a week, resulting in a lower regular rate of pay than if Amazon had included HIP.  *Id,* ¶¶ 19-20.  Because a worker's regular rate of pay determines the amount of overtime pay that the worker receives, Mr. Hamilton claims that Amazon's failure to include HIP in his regular rate of pay prevented Amazon from paying him all of the overtime he earned.  *Id*.  Mr. Hamilton alleges three specific instances where he claims to have been underpaid as a result of

---

[2] For example, if an employee's total pay for a given week was $600 for 50 hours of work, her regular rate would be $12 per hour, entitling her to $6 in overtime pay for each overtime hour that she worked.  As a result, she would earn an additional $60 in overtime premium pay for that week because she worked 10 overtime hours.

Amazon's policies regarding HIP: the week of November 24, 2019, the week of September 6, 2020, and the week of November 22, 2020.  *Id.* at 7, ¶¶ 39-41.

Mr. Hamilton alleges that Amazon's practice of excluding HIP from the calculation of his regular rate violated Colorado wage law.  *Id.*, ¶ 42.  Furthermore, Mr. Hamilton claims that Amazon's pay policies were uniform with respect to U.S. non-exempt hourly employees working throughout Colorado.  *Id.* at 5, ¶ 23.  Because the policies were uniform, Mr. Hamilton seeks to certify a class claim against Amazon on behalf of all non-exempt hourly employees in Colorado who were subject to the policy and worked on a company holiday.  *Id.*, ¶¶ 24-26.

Mr. Hamilton brings his case solely on the basis of Colorado state law.  *See generally* Docket No. 5.  Although the Colorado legislature sets the rate of overtime pay, it delegates the authority to prescribe the "conditions and rules" governing overtime compensation to the director of the Division of Labor.  Colo. Rev. Stat. § 8-6-111(4); *see also Jordan v. Maxim Healthcare Servs., Inc.,* 950 F.3d 724, 727-28 (10th Cir. 2020) (describing the statutory and regulatory scheme).  The Division of Labor promulgates orders each year that, among other things, define the regular rate of pay and describe the types of pay that employers must include when calculating the regular rate of pay. *See, e.g.,* 7 Colo. Code Regs. § 1103-1:1 § 1.8 (Jan. 1, 2022).  The order in effect during the first week that Mr. Hamilton alleges he was underpaid, the week of November 24, 2019, was Colorado Minimum Wage Order # 35, 7 Colo. Code Regs. § 1103-1 (Jan. 1, 2019).  The order in effect during the other occasions that Mr. Hamilton alleges he was underpaid, the weeks of September 6 and November 22, 2020, was Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code

Regs. § 1103-1 (July 15, 2020).  For clarity, the Court will refer to these regulations as "the Orders."[3]

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Id.* at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).

## III.  ANALYSIS

Amazon asks the Court to dismiss Mr. Hamilton's complaint on the grounds that he has failed to state a claim upon which relief can be granted as a matter of law because "Colorado law does not require that holiday pay, and thus [HIP], to [sic] be included in the regular rate."  Docket No. 15 at 3.

Mr. Hamilton claims that Amazon's practice of excluding HIP from its calculation of the regular rate of pay violates Colorado statutory and regulatory law.  Docket No. 16

---

[3] The section of each order regulating the regular rate of pay is identical.  *Compare* Colorado Minimum Wage Order #35, 7 Colo. Code Regs. § 1103-1, § 2 (effective Jan. 1, 2019) *with* Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code Regs. § 1103-1, § 1.8.1 (effective July 15, 2020).

at 1.  Mr. Hamilton asserts that, "[i]n most instances, Colorado Wage and Hour law provides rights that are greater than those provided by [federal law]," and notes that where an employee is covered by multiple overtime wage requirements, the Orders instruct the employer to apply the higher standard.  *Id.* at 8-9.  Mr. Hamilton also asserts that, because the Orders do not specifically incorporate the portion of the Federal Labor Standards Act ("FLSA") that allows employers to exclude premiums paid for work on holidays, 29 U.S.C. § 207(e)(6), the Colorado Department of Labor intended to afford workers rights that are greater than the FLSA with regard to such premium pay.  *Id.*

However, Mr. Hamilton's response does not identify a Colorado statute or regulation requiring employers to include premiums for working on holidays when calculating an employee's regular rate of pay and does not cite any caselaw in support of such a requirement.[4]  *See generally id.*  Mr. Hamilton's complaint likewise lacks any citation to a statute or regulation that contains such a requirement.  *See generally* Docket No. 5.

Mr. Hamilton's motion to certify the issue to the Colorado Supreme Court makes his position more clear.  *See* Docket No. 27.  In that motion, Mr. Hamilton alleges that, whereas Colorado law "incorporates principles from the FLSA in some circumstances while providing superior protections to those in the FLSA in others," Colorado law is "silent" as to the question of whether holiday premium pay should be included in the regular rate of pay.  *Id.* at 9; *see also* Docket No. 40 at 2 (same).  He further notes that "neither the Colorado Supreme Court, nor the Colorado Court of Appeals, nor the

---

[4] Mr. Hamilton also alleges that HIP must be included in the calculation of the regular rate because it is a "shift differential."  Docket No. 16 at 5-6.  However, Mr. Hamilton identifies no statute, regulation, or caselaw supporting this assertion.  *See generally id.*

[Colorado Department of Labor and Employment] has addressed" the question of "[w]hether a premium payment . . . for time worked on a holiday . . . may be excluded from the calculation of the regular rate of pay for overtime purposes under Colorado law."  Docket No. 27 at 3.

In short, Mr. Hamilton has not identified any Colorado statute, regulation, or controlling caselaw that requires Amazon to include HIP in its calculation of his regular rate of pay, nor is it his position that such a statute, regulation, or controlling legal precedent exists.[5]

Amazon, on the other hand, argues that Colorado law is not silent on the topic of premium pay for work on holidays and that Amazon is explicitly permitted to exclude HIP from its calculation of an employee's regular rate of pay because Colorado law permits the exclusion of "holiday pay."  Docket No. 15 at 5-7.  To support this assertion, Amazon references the following provision in the Orders:[6]

> [b]usiness expenses, bona fide gifts, discretionary bonuses, employer investment contributions, vacation pay, holiday pay, sick leave, jury duty, or other pay for non-work hours may be excluded from regular rates.

*Id.* at 6 (quoting 7 Colo. Code Regs. § 1103-1:1, § 1.8.1 (effective Jan. 1, 2022)).

Amazon argues that the inclusion of the phrase "pay for non-work hours" at the end of

---

[5] Mr. Hamilton argues that "it is the employer's burden to establish that a certain exemption applies," Docket No. 16 at 9, but such a burden does not apply here as Mr. Hamilton has identified nothing for which an exemption is needed.

[6] Amazon quotes Colorado Minimum Pay Standards Order # 38.  This provision is identical to the corresponding provisions in the Orders.  *Compare* 7 Colo. Code Regs. § 1103-1:1 § 1.8.1 (effective Jan. 1, 2022) *with* Colorado Minimum Wage Order #35, 7 Colo. Code Regs. § 1103-1, § 2 (effective Jan. 1, 2019) *and* Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code Regs. § 1103-1, § 1.8.1 (effective July 15, 2020).

the list "simply indicates that one or some of those categories are for non-work hours, but does not speak to whether *all* of them are."  Docket No. 24 at 4 (emphasis in original).  The Court rejects this argument since every other type of compensation listed is a type of pay for non-work hours.  The inclusion of the word "other" in the phrase "or other pay for non-work hours" indicates that "holiday pay" refers to compensation for non-work hours.  *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1169-1170 (2021) (interpreting a provision of the Telephone Consumer Protection Act such that a final modifying clause applied to both of the verbs that proceeded it); *Potts v. Ctr. for Excellence in Higher Educ., Inc.,* 908 F.3d 610, 615 (10th Cir. 2018) ("When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.") (alteration omitted) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts,* 147 (2012)).  Accordingly, HIP is not "holiday pay" within the meaning of the Orders because HIP is compensation for hours worked on company holidays.

The FLSA permits employers to exclude premiums for working on holidays from the calculation of a worker's regular rate of pay, so long as the holiday premium is at least 1.5 times the worker's rate of pay for non-overtime hours on other days.  29 U.S.C. § 207(e)(6).  Amazon's exclusion of HIP from the regular rate of pay complies with the FLSA, since HIP is 1.5 times a worker's usual hourly rate of pay.  Docket No. 5 at 4, ¶ 12.  Because Colorado law is silent on the topic of holiday premium pay, Amazon's practice of following the FLSA is not a violation of Colorado law.

## IV. CONCLUSION

The Court finds that Colorado law is silent on whether Amazon was required to include HIP when calculating Mr. Hamilton's regular rate of pay.  Therefore, Mr. Hamilton has failed to state a claim that Amazon violated Colorado law.[7]

It is therefore

ORDERED that Defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's Individual and Class Action Complaint [Docket No. 15] is **GRANTED.**  It is further

ORDERED that plaintiff's Motion to Certify Class Action [Docket No. 26] and Motion for Order Certifying Determinative Question of Colorado Law to the Colorado Supreme Court [Docket No. 27] are **DENIED** as moot.  It is further

ORDERED that plaintiff's first claim is dismissed with prejudice.  It is further

ORDERED that the case is closed.


DATED March 3, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[7] Amazon argues that Court should apply the FLSA when interpreting Colorado law concerning holiday premium pay.  *See, e.g.,* Docket No. 15 at 7-10.  However, since Colorado law is silent on the matter, the question of whether the FLSA should be used to interpret Colorado law is irrelevant.