IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00434-PAB-STV

DANIEL HAMILTON, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

AMAZON.COM SERVICES LLC,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on plaintiff's Motion to Certify Class Action [Docket No. 26]. Defendant filed a response. Docket No. 49. Plaintiff filed a reply. Docket No. 53.

**I. BACKGROUND**

    **A. Factual Background**

This case focuses on how Amazon.com Services, LLC ("Amazon") calculates overtime pay for its hourly employees. Amazon owns and operates at least five warehouses in Colorado as part of its nationwide fulfillment network. Docket No. 5 at 3, ¶¶ 8-9. It employs "hundreds or even thousands of hourly employees," including plaintiff Daniel Hamilton, at these warehouses. *Id.*, ¶¶ 7-8. Mr. Hamilton was offered various "incentive payment structures" throughout his employment with Amazon designed to encourage him to work additional shifts or to stay late after his scheduled shifts. *Id.* at 4, ¶ 11. These incentives included Holiday Incentive Pay ("HIP"), consisting of 1.5 times

the usual hourly pay rate, for working on designated company holidays, such as Labor Day or Thanksgiving Day.  *Id.,* ¶¶ 12-14.

Mr. Hamilton's complaint focuses on Amazon's treatment of HIP for purposes of calculating the rate of overtime pay.  *Id*.  Colorado law requires employers to pay overtime "at a rate of one and one-half times the regular rate of pay."  Colo. Rev. Stat. § 8-6-111(4).  The "regular rate" of pay is the "hourly rate actually paid to employees," which is determined by dividing the total compensation an employee was paid in a given week by the number of hours that the employee worked.  7 Colo. Code Regs. § 1103-1:1, § 1.8 (effective Jan. 1, 2022).  The resulting regular rate of pay is multiplied by 1.5 to determine the amount of additional overtime pay that an employee should receive for every overtime hour worked.[1]  Colo. Rev. Stat. § 8-6-111(4).

According to the complaint, Amazon improperly excluded HIP from its calculation of Mr. Hamilton's regular rate.  Docket No. 5 at 4, ¶ 19.  Amazon did not include HIP when adding up the total compensation that Mr. Hamilton was paid in a week, resulting in a lower regular rate of pay than if Amazon had included HIP.  *Id.,* ¶¶ 19-20.  Because a worker's regular rate of pay determines the amount of overtime pay that the worker receives, Mr. Hamilton claims that Amazon's failure to include HIP in his regular rate of pay prevented Amazon from paying him all of the overtime he earned.  *Id.*  Mr. Hamilton alleges three specific instances where he claims to have been underpaid as a result of

---

[1] For example, if an employee's total pay for a given week was $600 for 50 hours of work, her regular rate would be $12 per hour, entitling her to $6 in overtime pay for each overtime hour that she worked.  As a result, she would earn an additional $60 in overtime premium pay for that week because she worked 10 overtime hours.

Amazon's policies regarding HIP: the week of November 24, 2019, the week of September 6, 2020, and the week of November 22, 2020. *Id.* at 7, ¶¶ 39-41.

Mr. Hamilton alleges that Amazon's practice of excluding HIP from the calculation of his regular rate violated Colorado wage law. *Id.*, ¶ 42. Furthermore, Mr. Hamilton claims that Amazon's pay policies were uniform with respect to U.S. non-exempt hourly employees working throughout Colorado. *Id.* at 5, ¶ 23. Because the policies were uniform, Mr. Hamilton seeks to certify a class claim against Amazon on behalf of all non-exempt hourly employees in Colorado who were subject to the policy and worked on a company holiday. *Id.*, ¶¶ 24-26.

Mr. Hamilton brings his case solely on the basis of Colorado law. *See generally* Docket No. 5. Although the Colorado legislature sets the rate of overtime pay, it delegates the authority to prescribe the "conditions and rules" governing overtime compensation to the director of the Division of Labor. Colo. Rev. Stat. § 8-6-111(4); *see also Jordan v. Maxim Healthcare Servs., Inc.,* 950 F.3d 724, 727-28 (10th Cir. 2020) (describing the statutory and regulatory scheme). The Division of Labor promulgates orders each year that, among other things, define the regular rate of pay and describe the types of pay that employers must include when calculating the regular rate of pay. *See, e.g.,* 7 Colo. Code Regs. § 1103-1:1, § 1.8 (Jan. 1, 2022). The order in effect during the first week that Mr. Hamilton alleges he was underpaid, the week of November 24, 2019, was Colorado Minimum Wage Order # 35, 7 Colo. Code Regs. § 1103-1 (Jan. 1, 2019). The order in effect during the other occasions that Mr. Hamilton alleges he was underpaid, the weeks of September 6 and November 22,

3

2020, was Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code Regs. § 1103-1 (July 15, 2020).

### B. Procedural History

Mr. Hamilton filed this action in Arapahoe County Court on January 14, 2022. Docket No. 5. On February 17, 2022, Amazon removed the case to federal court. Docket No. 1. On March 3, 2022, Amazon filed a motion to dismiss. Docket No. 15. On April 14, 2022, Mr. Hamilton filed a motion to certify a class action. Docket No. 26. On March 3, 2023, the Court granted Amazon's motion to dismiss. Docket. No. 66. The Court found that Amazon's exclusion of HIP from the calculation of the regular rate of pay complied with the FLSA and, because Colorado law is silent on the topic of holiday premium pay, Amazon's practice of following the FLSA did not violate Colorado law. *Id.* at 7. Because it granted the motion to dismiss, the Court denied the motion to certify a class action as moot. *Id.* at 8. Mr. Hamilton appealed the Court's order. Docket No. 68.

The Tenth Circuit found that the issue of whether Colorado wage law required HIP to be included in the regular rate of pay was "an important and novel question of state regulatory interpretation." Docket No. 73 at 1. Thus, it certified the question to the Colorado Supreme Court. *Id.* at 2. The Colorado Supreme Court determined that the plain language of 7 Colo. Code Regs. § 1103-1:1 § 1.8 dictated that holiday incentive pay is included in the calculation of the regular rate of pay. *Hamilton v. Amazon.com Servs. LLC*, 555 P.3d 620, 629 (Colo. 2024). In accordance with this finding, the Tenth Circuit reversed the order dismissing Mr. Hamilton's complaint and remanded the case for further proceedings. Docket No. 77 at 2. The Court subsequently vacated its March 3, 2023 order and reinstated the motion to certify a class action. Docket No. 80 at 2-3.

## II. LEGAL STANDARD

A district court may certify a class action if the proposed class satisfies the prerequisites of Fed. R. Civ. P. 23(a) as well as the requirements of one of the three types of classes identified in Rule 23(b). *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 913 (10th Cir. 2018). The plaintiff bears the burden of proving that Rule 23's requirements are satisfied. *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (citing *Shook v. Bd. of Cnty. Comm'rs of the Cnty. of El Paso*, 386 F.3d 963, 968 (10th Cir. 2004)). Rule 23(a) requires that (1) the class be so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d. Cir. 2011).

Mr. Hamilton asks the Court to certify a settlement class under Rule 23(b)(3). Docket No. 26 at 9. Under that provision, plaintiffs must show that "questions of law or fact common to class members predominate over any questions affecting only individual members" and that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining predominance and superiority under Rule 23(b)(3), the court considers the following factors: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

## III. ANALYSIS

Mr. Hamilton seeks certification of a class consisting of "U.S. non-exempt hourly employees who worked for Defendant, Amazon.com Services LLC, ("Amazon") in AMZL workplaces and Fulfillment Centers throughout Colorado who worked more than 40 hours during weeks in which they also worked on a company designated holiday ("Company Holiday"),[2] from January 14, 2019, to present."[3]  Docket No. 26 at 1-2 (footnotes added).  Mr. Hamilton also seeks to appoint his counsel as class counsel and requests that the Court authorize his proposed notice to the class members.  *Id.* at 12-13.  Amazon concedes that it is appropriate to certify this case as a class action and does not contest that Mr. Hamilton has met the requirements of Rules 23(a) and 23(b)(3).  Docket No. 49 at 1.  However, Amazon argues that the appropriate class consists of employees who were employed on or after January 14, 2020.  *Id.* at 1-2.  Amazon also objects to certain aspects of Mr. Hamilton's proposed notice and argues that Mr. Hamilton should utilize a third-party administrator.  *Id.* at 9-15.

Although Amazon does not contest that Mr. Hamilton's proposed class satisfies the requirements of Rules 23(a) and 23(b)(3), "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (citation and internal quotations omitted).  Thus, the Court must ensure that plaintiff has met his

---

[2] Amazon's company holidays are New Year's Day, Martin Luther King Jr. Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day. Docket No. 26 at 2 n.1.

[3] Mr. Hamilton does not specify the exact date of "present."  However, the parties debate whether the appropriate statute of limitations for Mr. Hamilton's claims is two years or three years.  Docket No. 49 at 5; Docket No. 53 at 2.  Thus, because January 14, 2019 is three years before the complaint was filed, the Court presumes that "present" means the date the complaint was filed, January 14, 2022.

6

burden of proving that the requirements of Rules 23(a) and 23(b)(3) are satisfied.  The Court finds the briefing on this issue is outdated in light of the Colorado Supreme Court's order in *Hamilton*, 555 P.3d 620.

For example, Rule 23(a) requires a district court to ensure that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  Commonality requires that plaintiffs demonstrate that the class members have "suffered the same injury" such that the claims of the class are based on a common contention and that the determination of the truth or falsity of this contention "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.  In other words, plaintiffs must have a common question of fact or law that will connect many individual claims to the relief sought by the class.  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011).  Mr. Hamilton claims that there is one question of law that is common to the class: "whether, under Colorado Law, a premium rate, or shift differential, offered at time and a half for work performed on a holiday must be included in the calculation of the regular rate for that week." Docket No. 26 at 6.  Mr. Hamilton states that "[t]he viability of Hamilton's and the Class's claims all depend on the answer to that question." *Id.*  However, the Colorado Supreme Court has now answered that question in the affirmative.  *Hamilton*, 555 P.3d at 629.  This raises the question of whether the Colorado Supreme Court's holding has the effect of resolving the issue of liability and, if so, whether any other common question remains.

Moreover, Rule 23(b)(3)'s predominance requirement imposes an obligation upon district courts to ensure that issues common to the class predominate over those affecting only individual class members.  *Sullivan v. DB Investments, Inc.*, 667 F.3d 273,

7

297 (3d Cir. 2011). Thus, even if a common question of law or fact remains, briefing is required on whether that question predominates over issues affecting only individual class members. The predominance criterion is "far more demanding" than Rule 23(a)(2)'s commonality requirement. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997). Rule 23(b)(3)'s purpose is to "ensure[ ] that the class will be certified only when it would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 104 (2d Cir. 2007) (internal quotation and citation omitted).

Mr. Hamilton states that, once the question as to Amazon's liability is answered, "all that remains is a question of damages owed to each Class Member." Docket No. 26 at 10. Mr. Hamilton acknowledges that damages would vary for individual class members, noting that, after the Court determines the issue of Amazon's liability on a class basis, it can "address individual damages questions by considering expert and/or representative evidence, by holding a separate hearing on damages, or by appointing a special master to determine each class member's damages." *Id.* at 12. "[W]hen damages are likely to vary among class members, the class may be insufficiently cohesive to warrant a class action suit." *Manouchehri v. Styles for Less, Inc.*, 2016 WL 3387473, at *4 (S.D. Cal. June 20, 2016) (citing *Anchem*, 521 U.S. at 624). However, "the fact that potential damages for individual class members vary is not fatal to a motion for class certification if substantial common issues outweigh individual issues regarding damages." *Wilkins v. Just Energy Grp., Inc.*, 171 F. Supp. 3d 798, 802 (N.D.

Ill. 2016) (citing *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013); William B. Rubenstein, *et al.*, *Newberg on Class Actions*, vol. 2, § 4:54 (5th ed. 2012)). Accordingly, it is appropriate for the parties to brief whether any common issues of law or fact remain and, if so, whether those issues predominate over individual issues, including issues of damages.

Rule 23(b)(3) also imposes a superiority requirement. Fed. R. Civ. P. 23(b)(3). In order to satisfy this requirement, class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." *Amchem*, 521 U.S. at 615. Mr. Hamilton's briefing on superiority discusses how the "central issue" of this case is whether "the FLSA holiday premium exemption must be read into Colorado law." Docket No. 26 at 11. Moreover, it notes that certifying a class action will serve the interest of judicial efficiency because the Court can determine Amazon's liability on a class basis and then address individual damages questions. Thus, because the holding in *Hamilton* seemingly resolved the "central issue" of this case, the briefing on superiority is outdated.[4]

Accordingly, the Court will deny the motion to certify class action without prejudice due to the outdated briefing. If Mr. Hamilton chooses to refile the motion, the parties should address whether the Colorado Supreme Court's holding has resolved issues of liability regarding Amazon and, if so, whether class certification is still appropriate.

---

[4] Conversely, Mr. Hamilton's briefing on numerosity, typicality, and adequacy—the remaining requirements of Rule 23(a)—largely remains relevant. One exception is that, under adequacy, the briefing discusses the ability of attorney Victoria Guzman to represent the class. Docket No. 26 at 8-9. However, Ms. Guzman has withdrawn her representation of Mr. Hamilton and is no longer working on this case. Docket No. 95.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Motion to Certify Class Action [Docket No. 26] is **DENIED without prejudice**. It is further

**ORDERED** that Mr. Hamilton may refile a motion for class certification on or before **March 20, 2026**.

DATED February 20, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge